IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RICHARD KIELEY | § | |
| VS. | § | CIVIL ACTION NO. 5:10cv107 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Richard Kieley, an inmate confined at the Telford Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied and dismissed without prejudice to petitioner's ability to pursue his claims by filing a civil rights action.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections are without merit and should be overruled.

The writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed,2d 439 (1973); *Cook v. TDCJ Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). On the

other hand, a civil rights action is an appropriate remedy for recovering damages resulting from illegal administrative procedures. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981). To determine whether a prisoner must pursue habeas corpus relief rather than a civil rights action, the court must determine whether the prisoner challenges the fact or duration of his confinement or merely the rules, customs, and procedures affecting conditions of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

Here, petitioner is not eligible for mandatory supervision; thus, the loss of good conduct time does not implicate due process concerns. *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002); *Malchi v. Thaler*, 211 F.3d 953, 956-58 (5th Cir. 2000). Further, petitioner's claims concerning administrative procedures must be pursued by filing a civil rights action. Accordingly, the petition should be denied.

Furthermore, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate

of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 12th day of November, 2010.**

                                                                                              _____
                                                                                              DAVID FOLSOM
                                                                                              UNITED STATES DISTRICT JUDGE